IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| JAMES D. ROBINSON, | 09-CV-792-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| DAVID L. CANNARD, | |
| Defendant. | |

**BRADLEY S. MARCUS**
**JOHN R. BAKER**
Baker and Marcus, LLP
8149 N.87th Place, Suite 108
Scottsdale, AZ  85258
(480) 315-6513

**TODD A. BRADLEY**
Gaylord Eyerman Bradley, P.C.
1400 S.W. Montgomery St.
Portland, OR 97201
(503) 222-3526

Attorneys for Plaintiff

**DAVID A. HYTOWITZ**
Law Offices of Anderson & Nyburg
P.O. Box 4400
Portland, OR  97208
(503) 736-7964

      Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on the Amended Motion (#12) to Stay Action Pending State Action Resolution filed by Defendant David L. Cannard.  For the reasons that follow, the Court **GRANTS** Defendant's Amended Motion.

### BACKGROUND

    The following facts are undisputed.

    On July 17, 2007, a three-vehicle accident involving Plaintiff James D. Robinson; Defendant David L. Cannard; and a third party, Robert Turk, occurred on Highway 101 in Clatsop County, Oregon.

    Turk was stopped on the highway in preparation for making a left-hand turn.  Cannard failed to stop and sideswiped Turk's passenger-side, rear quarter-panel.  Robinson, who was on a motorcycle, tried to go to the right of Turk as well, but he was unable to do so.  Robinson also collided with Turk's passenger-side, rear quarter-panel before bouncing off and colliding with Cannard.  Robinson and his motorcycle went off of the highway

2  -   OPINION AND ORDER

shoulder and down the embankment, resulting in injuries to Robinson.

On July 10, 2009, Turk filed an action in Multnomah County Circuit Court against Cannard and Robinson in which he asserts he sustained injuries and damages in the accident arising from the negligence of Robinson and Cannard.  The case was subsequently transferred to Clatsop County Circuit Court.

On July 10, 2009, Robinson filed his Complaint against Cannard in this Court on the basis of diversity jurisdiction in which he alleges Cannard "negligently drove his vehicle, causing a collision," which, in turn, caused injuries to Robinson.

On September 4, 2009, Cannard filed a Motion to Stay proceedings in this action pending the outcome of the state-court action.

### **STANDARDS**

A federal district court has the inherent power to control its own docket and calendar.  *Mediterranean Enter., Inc. v. Ssangyong Constr. Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983).  *See also* Fed. R. Civ. P. 16.  The district court should weigh the following competing interests to determine whether to exercise its discretion to stay proceedings:

> [T]he possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being

3  -  OPINION AND ORDER

>    required to go forward, and the orderly
>    course of justice measured in terms of
>    simplifying or complicating issues, proof,
>    and questions of law which could be expected
>    from a stay.

*CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)(citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)). *See also Cohen v. Carreon*, 94 F. Supp. 2d 1112, 1115 (D. Or. 2000).

### **DISCUSSION**

Defendant contends this matter should be stayed pending resolution of the state-court matter on the grounds that the resolution of the state-court matter is likely to "substantially narrow" the issues before this Court and it will be a hardship for Defendant simultaneously to proceed here and there because of unnecessarily duplicative costs and a likelihood of inconsistent verdicts.

Plaintiff opposes staying this matter on the ground that the state-court proceedings will not necessarily resolve or address the issues before this Court.  Plaintiff emphasizes those proceedings address only the liability of Plaintiff and Defendant as to Turk and will not resolve the issue of Defendant's alleged liability to Plaintiff unless Plaintiff chooses to make a crossclaim in the other case, which Plaintiff asserts he is unwilling to do and which, the Court notes, Plaintiff is not

4   -   OPINION AND ORDER

compelled to do under Oregon law.  See *G.B. v. Morey*, 229 Or. App. 605, 609 (2009)(a defendant is not required to raise claim in first proceeding).

### A.   Simplification of the issues.

In these circumstances, the Court "must determine whether granting a stay will simplify or complicate issues. . . while keeping in mind its goal of promoting economy of time and effort for itself, for counsel, and for the litigants."  *Cohen*, 94 F. Supp. 2d at 1115.

Defendant asserts the two matters are substantially similar and resolution of the state-court matter is likely to simplify issues in this matter, but Plaintiff argues the state-court matter will not resolve any issues with respect to Defendant's liability to Plaintiff.  The Court notes there are various hypothetical outcomes to the state matter, including a jury finding that neither Plaintiff nor Defendant were negligent at all, a jury finding that only Plaintiff or only Defendant was negligent and that negligence caused Turk's injuries, or even a jury finding that Plaintiff was negligent but his negligence did not cause Turk's injuries.  Contrary to Plaintiff's assertion that awaiting the outcome of the state-court proceeding "will accomplish nothing," this Court concludes there is a chance that the state-court proceeding may simplify at least some of the liability

5   -   OPINION AND ORDER

issues between the parties.  Any state-court findings as to a specific fact also at issue in this case will have a preclusive effect in this action.  *See* 28 U.S.C. § 1738.  Staying this matter, therefore, promotes judicial economy to some extent because of the likelihood of at least some issues being resolved in the state-court proceedings.

**B.   Hardship in going forward and possible damage to Plaintiff.**

Plaintiff asserts Defendant will not bear a hardship in going forward with both actions because Defendant will, in any event, be required to litigate the matter in this Court after the resolution of the state-court matter.  Plaintiff also contends he will suffer damage from any delay in this matter.

It is not possible for the Court presently to predict whether Plaintiff is correct in contending that Defendant will be required to litigate in this Court regardless of the outcome in the state-court matter.  It is certain, however, that if this Court declines to stay the matter, Defendant will be subjected to the costs of simultaneously defending both actions while facing exposure to the possibility of inconsistent verdicts that arises because the two actions focus on similar, but not completely identical aspects of the July 2007 collision.

The Court notes that granting a stay will delay formal litigation of Plaintiff's claim against Defendant, but Plaintiff

6   -   OPINION AND ORDER

does not elaborate as to how a delay will result in particular damage to him apart from the delay itself.

Because the state-court matter may clarify or resolve at least some of the issues in this case, and because it seems improvident to compel the parties to actively litigate these two actions at the same time, the Court concludes in the exercise of its inherent case-management authority and its discretion pursuant to Rule 16 that the balance weighs in favor of staying this matter pending resolution of the state-court proceedings. Nonetheless, the Court encourages the parties to look for opportunities in the litigation of the state-court matter to accomplish discovery and other tasks common to this action in order to avoid duplicating the costs of trial preparation and to expedite readying this matter for trial or other resolution at the appropriate time.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendant's Amended Motion (#12) to Stay Action Pending State Action Resolution and **STAYS** this matter until further order of the Court.

The Court directs the parties to file by April 1, 2010, a joint status report describing the progress of the state-court matter and to inform the Court at any time of developments in the

7  -   OPINION AND ORDER

state-court matter that suggest the Court should evaluate whether to lift the stay in this matter.

    IT IS SO ORDERED.

    DATED this 19th day of November, 2009.

                                        /s/ Anna J. Brown
                                        _____
                                        ANNA J. BROWN
                                        United States District Judge

8   -   OPINION AND ORDER